RC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OF ILLINOIS
# EASTERN DIVISION

**FILED**

FEB 03 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| HAMBI CETEWAYO | ) | |
| PLANTIFF | ) | |
| | ) | |
| V. | ) | NO. 24 CV 5467 |
| NORTHEAST ILLINOIS REGIONAL | ) | |
| COMMUTER RAILROAD CORPORATION | ) | |
| d/b/a METRA, JAMES KUDERNA | ) | |
| MARK ABERCROMBIE, | ) | |
| JOSHUA KLIMA AND M.ENGLE | ) | |
| DEFENDANTS | | |

## PLANTIFFF MEMORANDUM OF LAW IN SUPPORT OF
## RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGEMENT

### 1. INTRODUCTION

Defendants officers are not entitled to summary judgement because the disputed facts establish that their actions were unlawful and not protected by qualified immunity. The officers did not have probale cause to remove plantiff for fare evasion(plantiff had ticket to ride metra) and their use of excessive force(plantiff was tased) was unreasonable under the circumstances. Defendants are also guilty of malicious prosecution because had a simple investigation been done it would have revealed that plantiff had a ticket to

(1)

ride metra train and did not resist arrest or did not threaten train conductor(assault of transit employee). Accordingly judgement as a matter of law should be denied for all defendants and this matter should proceed to trial. Also there are multiple disputed material facts which by local rule 56 there should be trial in this matter for a jury to decide.

**LEGAL CLAIMS.**

A. Defendants acted with excessive force in violation of he 4th amendment to the united states constitution and 42 u.s.c. 1983 under counts 1 and 2

Defendants do not deny that they were acting under color of law when they tased and arrested plantiff on 9-6-2022. " a seizure is unreasonable under the 4th amendment if it is accomplished through the use of excessive force" *price as next friend of j.k. v. mueller-owens,* 516 F. Supp.3d 816, 828 (W.D. wis.2021) ( citing Gonzales v. city of Elgin, 578 F.3d 526, 541 (7th cir. 2009). To determine whether use of force is reasonable, " careful attention" is given to the facts and circumstances, including but not limited to " the severity of the crime" and "whether the suspect poses an immediate to the safety of officers or others. *Gonzales,* 578 F.3d 526 at 539. Mr cetewayo posed no threat.

Mr Cetewayo had a ventra ticket, he did not threaten Defendant kuderna with physical violence and defendants have no evidence to the contrary. Mr Cetewayo did not commit crimes and was not violent. At most Mr. Cetewayo was frustrated by the situation and verbally expressed that frustration. Such frustration over a $4.00 ticket- which Mr Cetewayo paid for- does not justify being tased.

Courts agree. "It is unreasonable to use a taser against a suspect who is "passively non compliant" or "uncooperative but subdued" *Snukis v. Taylor,* 24-1946, 2025 WL 2104182 at *3 (7th cir. July 28, 2025) ( citing *Dockery v. Blacburn,* 911 F.3d 458, 467-68(7th cir. 2018) (collecting cases). During Mr Cetewayo entire interaction with metra police he was

seated, calm and quiet. His behavior was the definition of "passive non-compliant" as Defendant officers asked that he step of the train, but he, instead remained seated and explained he had a ticket to ride the train. *Id.* Utilizing a taser under these circumstances is the use if excessive force and the precise type of conduct the Constitution and Civil Rights Statutes aim to protect against.

*B.* All Defendants Are Liable for Malicious Prosecution under Count 4

"Under Illinois law , the elements of malicious prosecution are (1) commencement of criminal proceedings by the defendants. (2) termination of that matter in favor of the plantifs. (3) the absence of probale cause for the proceedings) (4) the presence of malice and (5) resulting damages" *Gonzales v. City of Elgin*, 578 F.3d 526, 541 (7th cir. 2009) (citing Swick v. Liautaud, 169 ILL.2d 504, 215 (1996). There is no dispute that a malicious prosecution was brought and then terminated and defendants credibility, ensuibg malice and lack of problae cause will be on full display for a jury.

Mr Cetewayo will present strong evidence. " malice may be inferred from a lack of probale cause only where there is no credible evidence that refutes that inference" *Guager v. hendle,* 2011 IL App (2d) 100316 122, 954 N.E.2d 307,333( Citing *Johnson v Target Stores inc, 341* ILL.App.3d 56, 77, 274 ILL. Dec. 795, 791 N.E.2d 1206(2003) As establishe the charge for theft of services is easily rebutted by the fact that Mr Cetewayo did in fact have a ventra ticket. Moreover, Defendants have no supporting evidence for their aggravated assault of a transit employee. In fact the train conductor never said that Mr Cetewayo threatened him during hi call to the metra police.