**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HAMBI CETEWAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24 CV 5467 |
| | ) | |
| NORTHEAST ILLINOIS REGIONAL | ) | |
| COMMUTER RAILROAD | ) | |
| CORPORATION d/b/a METRA, JAMES | ) | |
| KUDERNA, MARK ABERCROMBIE, | ) | |
| JOSHUA KLIMA, and M. ENGLE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORP. d/b/a METRA, JAMES KUDERNA, MARK ABERCROMBIE, JOSHUA KLIMA, and MARK ENGLE, by and through the undersigned, and for their Reply in Support of their Motion for Summary Judgment, state as follows:

**INTRODUCTION**

Local Rule 56.1 imposes clear and mandatory obligations on parties opposing summary judgment, including strict requirements for responding to statements of material fact. As set forth below, Plaintiff failed to comply with these requirements despite an explicit warning from the Court, and because of that failure, Defendants' statement of material facts must be deemed admitted and Defendants' motion for summary judgment granted.

## ARGUMENT

Local Rule 56.1(a)(2) requires the moving party to submit a statement of undisputed facts, complete with citations to the record. The plaintiff must respond to each paragraph in the movant's statement of undisputed facts, explain any disagreement, and cite supporting evidence from the record. N.D.Ill. L.R. 56.1(b), *Hudson v. West Harvey/Dixmoor School Dist. No. 147*, 168 F.Supp.2d 851, 852 (N.D. Ill., 2001). Where the non-movant fails to adhere to Local Rule 56.1(b), the material facts set forth in the moving party's statement of facts will be deemed admitted. *Hill v. Human Rights Comm'n*, 762 F.Supp. 196, 198 (N.D. Ill. 1991). A litigant's *pro se* status does not absolve the litigant of the obligation to at least attempt to comply with Local Rule 56.1. *Henderson v. Canteen Corp.*, No. 92 C 3873, 1993 WL 276725, at *3 n. 1 (N.D. Ill., July 22, 1993). In Its December 12, 2025, Order (Dkt. 63), this Court warned Plaintiff that failure to comply with Local Rule 56.1 would result in the Defendants' motion being considered unopposed. Dkt. 63.

Here, Plaintiff did not comply with Local Rule 56.1(b)(2) because he did not file a response to the movants' Local Rule 56.1(a)(2) statement of material facts that complies with Local Rule 56.1(e). He did not include the numbered paragraphs that correspond to the movant's 56.1(a)(2) statement, did not respond to each paragraph with an admission or dispute, and did not cite to, or attach, any evidentiary material as required by Local Rule 56.1(e)(3). The entirety of Plaintiff's Statement of Disputed Material Facts is a narrative without citations to any record evidence. Thus, Plaintiff failed to comply with Local Rule 56.1.

Furthermore, to the extent Plaintiff intended his "Statement of Disputed Material Facts" to serve as a Local Rule 56.1(b)(3) Statement of Additional Facts, it is also deficient. Local Rule 56.1 requires such a statement to consist of separate, numbered paragraphs, each citing specific

evidence for each additional fact the non-movant contends is material. Local Rule 56(d). Plaintiff's filing does not number each proposed fact and instead presents a free-form narrative. It mixes arguments and conclusory statements with no evidentiary references. Such a filing fails to properly introduce any new factual matter. As a result, Plaintiff has not properly placed any additional facts before the Court to consider at summary judgment. See LR 56.1(b), *Moore v. Cook County Hosp.*, 1997 WL 779067, *1 (N.D.Ill. Dec. 12, 1997) (facts not properly submitted in compliance with the local rules are properly disregarded).

Because of these rule violations, Defendants' Statement of Undisputed Facts should be deemed admitted in its entirety. Plaintiff's failure to comply with Local Rule 56.1 means there is no genuine factual dispute on the points established by Defendants' evidence, and for the reasons stated in the Defendants' motion, summary judgment on Plaintiff's claims is therefore proper.

Respectfully submitted,

NORTHEAST ILLINOIS REGIONAL
COMMUTER RAILROAD CORP.,
JAMES KUDERNA, MARK
ABERCROMBIE, JOSHUA KLIMA,
and M. ENGLE,

Stephen G. Goins – ARDC#: 6310890
**Metra Law Department**
547 West Jackson Boulevard - 15th Floor
Chicago, Illinois 60661
Telephone: 312.322.7073
sgoins@metrarr.com

By: */s/ Stephen G. Goins*_____ ____
Attorney for Defendants